

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-12-00103-CR

DONALD GREGORY
STEPHENSON

APPELLANT

V.

THE STATE OF TEXAS

STATE

----------

### FROM THE 355TH DISTRICT COURT OF HOOD COUNTY
### TRIAL COURT NO. CR11864

----------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

Appellant Donald Gregory Stephenson appeals the trial court's judgment sentencing him to life in prison after he entered an open plea of guilty to the State's charge of possession of a controlled substance with the intent to deliver,

---

[1]*See* Tex. R. App. P. 47.4.

to-wit: methamphetamine in the amount of more than four grams but less than 200 grams. Stephenson also pleaded true to the State's enhancement paragraph, which alleged a previous felony conviction for possession of methamphetamine. In one point, Stephenson argues that the trial court erred by allowing the State to introduce at the punishment hearing photographs made from the contents of his cellphone, and that this error entitles him to a new trial on punishment. We will affirm.

## II. DISCUSSION

At the plea-and-punishment hearing, the State called two witnesses. Arresting Officer Richard Branum testified that he arrested Stephenson and found 17.24 grams of methamphetamine on him. During the arrest, Branum looked at several images that were on Stephenson's cellphone. These images tend to link Stephenson with the Aryan Brotherhood of Texas. Stephenson objected to the admission of the photographs into evidence. The trial court overruled his objection.

The State also called Officer Monte Dirickson, who testified that he specialized in gang-related crime investigations, specifically the Aryan Brotherhood of Texas. Dirickson stated that he had previously testified at another trial regarding the Aryan Brotherhood. He also testified that he was aware of Stephenson and had investigated him personally. According to Dirickson, Stephenson was a known member of the Aryan Brotherhood of Texas and his name appeared on several different "official rosters" of Aryan

2

Brotherhood members. These rosters had been seized during other search warrants.

By Dirickson's account, Stephenson is known to hold Aryan Brotherhood meetings at his house. The Aryan Brotherhood refers to these meetings as "church." Dirickson also testified that Stephenson was under indictment on an unrelated charge of engaging in organized criminal activity in Palo Pinto County. Dirickson further stated that he had received other information about Stephenson's Aryan Brotherhood involvement from confidential informants. At the close of the hearing, the trial judge sentenced Stephenson to life, entered judgment accordingly, and this appeal followed.

Assuming without deciding that Branum obtained the photographs made from the contents of Stephenson's cellphone through a violation of search and seizure law, and that they should have been excluded from evidence, we must reverse the conviction unless we determine beyond a reasonable doubt that the admission of these photographs did not contribute to his conviction. Tex. R. App. P. 44.2(a); *Langham v. State*, 305 S.W.3d 568, 582 (Tex. Crim. App. 2010); *Davis v. State*, 203 S.W.3d 845, 849–53 (Tex. Crim. App. 2006), *cert. denied*, 549 U.S. 1344 (2007). To make that determination, we consider the importance of the evidence to the State's case, whether the erroneously admitted evidence was cumulative of other evidence, the presence or absence of evidence corroborating or contradicting the erroneously admitted evidence on material

3

points, and the overall strength of the State's case. *Delaware v. Van Arsdall*, 475 U.S. 673, 684, 106 S. Ct. 1431, 1438 (1986); *Langham*, 305 S.W.3d at 582.

Here, the photographs made from the contents from Stephenson's cellphone were cumulative of other evidence of similar effect. The photographs tended to link Stephenson to the Aryan Brotherhood of Texas, but the State introduced this same evidence and more through the testimony of Dirickson. Indeed, Dirickson testified that he was specifically trained for "gang cases" and that he had been investigating gangs, specifically the Aryan Brotherhood of Texas, for the past eight years. He averred that he had personally investigated Stephenson and that not only was Stephenson a member of the Aryan Brotherhood, Stephenson held gang-member meetings, called "church", at his house.

Dirickson also testified that Stephenson was on several of what police consider "official rosters" for members of the Aryan Brotherhood. Furthermore, Dirickson stated that Stephenson was under an unrelated indictment in Palo Pinto County for engaging in organized criminal activity. He also said that he knew about Stephenson's participation in the Aryan Brotherhood of Texas through confidential informants. We conclude beyond a reasonable doubt that the admission of the complained-of photographs did not contribute to the trial court's assessment of Stephenson's punishment and judgment. *See Biera v. State*, 391 S.W.3d 204, 211–12 (Tex. App.—Amarillo 2012, pet ref'd) (holding that any error in admission of handgun found in allegedly illegal search of

4

defendant's vehicle was harmless error because introduction of handgun was cumulative of other evidence of similar effect). Thus, we overrule Stephenson's sole point.

### III. CONCLUSION

Having overruled Stephenson's sole point on appeal, we affirm the trial court's judgment.

PER CURIAM

PANEL: MEIER, GARDNER, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 14, 2014